**Lenore H. GOODEN et al.**

v.

**COORS TECHNICAL CERAMIC COMPANY.**

Supreme Court of Tennessee, at Knoxville.

May 2, 2007 Session.

Sept. 6, 2007.

---

Mary Katherine Longworth and Peggy J.S. Monger, Loudon, Tennessee, for the appellant, Lenore H. Gooden, and for the plaintiffs, Canyon Gooden and Dezert Gooden.

Beverly D. Nelms and Robert L. Kahn, Knoxville, Tennessee, for the appellee, Coors Technical Ceramic Company.

## OPINION

JANICE M. HOLDER, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and CORNELIA A. CLARK and GARY R. WADE, JJ., and E. RILEY ANDERSON, Sp.J., joined.

We accepted review in this workers' compensation case to determine whether an employee who was injured while voluntarily participating in a recreational activity during a work break on the employer's premises was injured within the course of employment. The employer argues that recovery for such an injury is barred by *Young v. Taylor–White, LLC,* 181 S.W.3d 324, 330 (Tenn.2005), which held that the employee's voluntary recreational activities were not within the course of employment. We take this opportunity to clarify that the voluntary nature of an activity, while important, is but one factor to consider in determining whether an injury occurs in the course of employment. We further conclude that the employee's participation in the recreational activity in this case was a regular incident of employment because the employer knowingly permitted the activity to occur several times a week. We therefore hold that the injury occurred in the course of employment. Accordingly, we reverse the ruling of the trial court and remand for a determination of benefits.

## Factual and Procedural Background

Gregory Gooden ("Gooden") worked the night shift at Coors Technical Ceramic Company ("Coors"). In the early morning hours of June 3, 2003, Gooden and a group of coworkers played a game of basketball during a thirty-minute break. After playing for twenty to thirty minutes, Gooden collapsed and died of an acute myocardial infarction.

Lenore Gooden, the widow of Gooden, filed a complaint for workers' compensation benefits. After a trial on the merits, the trial court found that the basketball goal was purchased by a group of employees and installed on Coors' premises, that Coors had knowledge that the employees played basketball during their breaks and acquiesced in the activity, and that employees were strongly encouraged not to work through their breaks. The trial court further found that Gooden's participation in the basketball game was voluntary and was not encouraged by Coors. After reviewing the deposition testimony of three physicians, the trial court found that Gooden suffered from occlusive coronary arterial sclerotic disease, that his coronary arteries were narrowed to the size of pencil lead, and that Gooden could have suffered a myocardial infarction at any time. The trial court concluded that Gooden's death did not arise out of his employment and entered judgment for Coors.

Mrs. Gooden appealed pursuant to Tennessee Code Annotated section 50–6–225(e) (Supp.2006), and we granted review

before the case was heard by a Special Workers' Compensation Appeals Panel. On appeal, Coors concedes that the medical proof submitted at trial established that the exertion of playing basketball contributed to Gooden's death. Indeed, all three medical experts whose deposition testimony was presented at trial acknowledged that the exertion of the game contributed to the onset of the acute myocardial infarction.

In addition, the parties do not dispute that the evidence established that the night-shift employees, such as Mr. Gooden, played basketball during their breaks three or four times a week and that supervisors sometimes participated in the games. During their breaks, Gooden and other night-shift employees were not permitted to leave Coors' property and were paid for their break time.

## Analysis

■■■■ To be eligible for workers' compensation benefits, an employee must suffer an injury "arising out of and in the course of employment." Tenn.Code Ann. § 50–6–103(a) (2005). It is well established that the injury must both "arise out of" the employment and occur "in the course of" the employment and that these requirements are distinct from one another. *See, e.g., Clark v. Nashville Mach. Elevator Co.*, 129 S.W.3d 42, 47 (Tenn. 2004). The requirement that the injury "arise out of" the employment refers to causation and is satisfied whenever it reasonably appears, upon consideration of all the circumstances, that there exists "a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Id.* The requirement that an injury occur "in the course of" employment, on the other hand, requires an examination of whether the injury occurred "while the employee

was performing a duty he or she was employed to perform." *Id.* Therefore, the inquiry to determine whether the injury occurred "in the course of" employment "focuses on the time, place, and circumstances of the injury." *Id.* Stated differently, "an injury occurs in the course of employment 'when it takes place within the period of the employment, at a place where the employee reasonably may be, and while the employee is fulfilling work duties or engaged in doing something incidental thereto.'" *Blankenship v. Am. Ordnance Sys., LLS,* 164 S.W.3d 350, 354 (Tenn.2005) (quoting 1 *Larson's Workers' Compensation Law* § 12 (2004)).

■■■■ The trial court based its ruling solely on its conclusion that the injury did not arise out of the employment. In that respect the trial court erred. The uncontested medical proof establishes and Coors concedes that the exertion of playing basketball was a contributing cause of Gooden's death and that the injury arose out of the basketball game. Therefore, the sole issue on appeal is whether Gooden's death occurred in the course of his employment. Whether an injury occurred in the course of employment is generally a question of fact that we review "de novo upon the record of the trial court, with a presumption of correctness given to the trial court's findings of fact, unless the evidence preponderates against it." *Phillips v. A & H Constr. Co.,* 134 S.W.3d 145, 149 (Tenn. 2004); *see also* Tenn.Code Ann. § 50–6–225(e)(2) (Supp.2006). "However, when there is no material fact in dispute, the question on appeal is one of law and the appropriate review is de novo with no presumption of correctness." *Vinson v. United Parcel Serv.,* 92 S.W.3d 380, 384 (Tenn. 2002).

Coors argues that Gooden's injury is not compensable pursuant to our decision in *Young v. Taylor–White, LLC,* 181 S.W.3d

324 (Tenn.2005). In *Young*, the employee was injured during a three-legged race at a company picnic. We concluded that the injury was not compensable because attendance at the picnic and participation in the three-legged race were voluntary; that is, those activities were not required or encouraged by the employer. *Young*, 181 S.W.3d at 329–30. We explained,

> [T]he fact that an injury occurs at an employer-sponsored event, or even on the employer's premises or during normal work hours, is not determinative of whether it occurred during the course of the employment. This is particularly so when participation in the activity causing the injury is not required by the employer.

*Id.* at 328. We further held that "the voluntary nature of the activity, rather than the fact that the activity occurs on the employer's premises or provided a benefit to the employer, is the touchstone for determining whether the injury occurred during the course of employment." *Id.* at 329.

In *Young*, the voluntary nature of the activity certainly was an important factor in deciding whether the injury occurred during the course of Young's employment. Our reference to that factor, however, as the "touchstone" in determining whether an injury occurred during the course of employment was not a judicious use of the term. Elevating this factor above all others would be a clear departure from our traditional emphasis on "the time, place, and circumstances of the injury." *Clark*, 129 S.W.3d at 47. We have previously stated that "in determining whether an accident arose out of and in the course of the employment, each case must be decided with respect to its own attendant circumstances and not by resort to some formula." *Bell v. Kelso Oil Co.*, 597 S.W.2d 731, 734 (Tenn.1980); *see also* *Anderson v. Save–A–Lot, Ltd.*, 989 S.W.2d 277, 279–80 (Tenn.1999) (quoting *Bell* with approval). Reading *Young* to dispense with an analysis that includes all of the attendant circumstances would overturn decades of settled case law regarding the compensation of injuries occurring when an employee engages in voluntary activities during a work break. *See, e.g., Carter v. Volunteer Apparel, Inc.*, 833 S.W.2d 492, 495–96 (Tenn.1992); *Ward v. Mid–South Home Serv.*, 769 S.W.2d 486, 487 (Tenn. 1989); *Holder v. Wilson Sporting Goods Co.*, 723 S.W.2d 104, 107 (Tenn.1987); *Drew v. Tappan Co.*, 630 S.W.2d 624, 625 (Tenn.1982); *Kingsport Silk Mills v. Cox*, 161 Tenn. 470, 33 S.W.2d 90, 91 (Tenn. 1930). We do not believe that *Young* should be read so expansively. The voluntary nature of an activity in some circumstances may be a very important factor. *See Blankenship*, 164 S.W.3d at 355. We do not, however, believe that the voluntary nature of an activity, or any other single factor, can be the "touchstone" for all cases.

■ Having determined that recovery is not barred by *Young*, we now turn to the issue of whether the facts of this case justify the conclusion that Gooden's injury occurred in the course of employment. This Court has frequently held that injuries occurring during breaks and on an employer's premises occur in the course of employment. *See, e.g., Carter*, 833 S.W.2d at 495–96 (finding that an employer allowed pre-work breaks to become part of the employment by providing a break area and acquiescing in the policy of pre-work breaks and that therefore injuries occurring during pre-work breaks were in the course of employment); *Ward*, 769 S.W.2d at 487 (observing that compensation is generally awarded for injuries occurring during recreational activities if the activities are a regular incident of employment);

**156**

*Holder,* 723 S.W.2d at 107 (applying *Drew* and concluding that engaging in permissible, personal activities during a break does not remove an employee from the protection of the Workers' Compensation Law); *Drew,* 630 S.W.2d at 625 (holding that "[w]here the employee is injured on the employer's premises during a break period provided by the employer, such an injury is generally compensable"); *Kingsport,* 33 S.W.2d at 91 (holding that an injury occurred in the course of employment because the employee slipped and fell during her lunch break while watching other employees play in an employer-sanctioned basketball game).

We have also cited with approval the Missouri Court of Appeals' determination that injuries sustained while playing basketball on a break occur within the course of employment if the game has become a regular incident of employment through employer acquiescence or custom. *Carter,* 833 S.W.2d at 495 n. 3 (citing *Seiber v. Moog Auto., Inc.,* 773 S.W.2d 161 (Mo.Ct. App.1989), *superseded by statute,* Mo.Rev. Stat. § 287.120.7 (1990), *as recognized in Jones v. Trans World Airlines, Inc.,* 70 S.W.3d 468, 471 (Mo.Ct.App.2001)). The uncontested evidence in this case demonstrates that Coors knowingly permitted employees to play basketball on their breaks, that the games occurred three or four times a week, that supervisors sometimes participated in the games, that the games occurred on Coors' property, and that the employees were not permitted to leave Coors' property on their breaks. We conclude that Coors' acquiescence combined with the frequency of the games made the games a regular incident of Gooden's employment. Therefore, Gooden's injury occurred in the course of employment and is compensable under the Workers' Compensation Law.

**Conclusion**

 The voluntary nature of an activity, while an important consideration, is but one factor to consider in determining whether an activity occurs during the course of employment. We further conclude that Coors' acquiescence combined with the regularity of the basketball games made the games an incident of Gooden's employment. Accordingly, we hold that Gooden's acute myocardial infarction occurred in the course of employment and is compensable. We therefore reverse the decision of the trial court and remand the case to the trial court for a determination of benefits. Costs of this appeal are taxed to the appellee, Coors Technical Ceramic Company, for which execution may issue if necessary.