**FILED**

**January 25, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 10:20 AM**



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| **DERRICK L. McDADE, SR.,** ) | **Docket No.: 2015-06-0419** |
| **Employee,** ) | |
| **v.** ) | **State File No.: 48196-2015** |
| ) | |
| **LABOR READY,** ) | **Judge Thomas Wyatt** |
| **Employer,** ) | |
| ) | |
| **And** ) | |
| ) | |
| **NEW HAMPSHIRE INS. CO.,** ) | |
| **Insurance Carrier.** ) | |

---

## EXPEDITED HEARING ORDER FOR MEDICAL AND TEMPORARY PARTIAL DISABILITY BENEFITS
## (FILE REVIEW ONLY)

---

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing (REH) filed by the employee, Derrick L. McDade, Sr., pursuant to Tennessee Code Annotated section 50-6-239 (2015). Mr. McDade requested the Court render its decision based upon a review of the file without an evidentiary hearing.[1] Labor Ready did not object to this request. This Court finds that it needs no additional information to determine whether Mr. McDade is likely to prevail at a hearing on the merits of the claim. Accordingly, pursuant to Rule 0800-02-21-.14(1)(c)(2015) of the Tennessee Compilation Rules and Regulations, the Court decides the issues in this expedited hearing upon a review of the file without an evidentiary hearing.

The present focus of the claim is Mr. McDade's request for temporary disability and medical benefits. The central issue is whether Mr. McDade's injuries arose primarily out of and in the course and scope of employment. For the reasons set forth below, the

---

[1] At one point, Mr. McDade withdrew his request for a review of the file and asked for an in-person hearing. However, he notified the Court on December 22, 2015, that he withdrew his request for an in-person hearing and again agreed to a determination of the issues based upon a review of the file. (T.R. 6 at 2.)

1

Court finds that, at a hearing on the merits, Mr. McDade will likely prevail on his claim for medical and temporary partial disability benefits.

**History of Claim**

Mr. McDade is a fifty-seven year old resident of Nashville, Davidson County, Tennessee. (T.R. 1 at 1.) He worked at Labor Ready for seven weeks prior to suffering injury on June 4, 2015. (T.R. 10.)

According to the December 10, 2015 REH he filed[2], Mr. McDade took a break at 10:00 a.m. and walked to his vehicle to obtain cigarettes and work gloves.[3] (Ex. 7 at 1-2.) In his PBD, he claimed he was "still on [the] clock" while on break. (T.R. 1 at 1.) After exiting his vehicle to walk back to his workplace, Mr. McDade alleged that a vehicle in the parking lot backed into him while traveling at a "tremendous" rate of speed, striking him on the left side, and kept going. (T.R. 1 at 1; 7 at 1; 8 at 1; Ex. 8 at 2.) Mr. McDade reported the injury to Labor Ready's manager, who told him to report to Labor Ready's office before going to the emergency room. (T.R. 1 at 1.) Mr. McDade also reported the incident on the date it occurred to an officer of the Metropolitan Nashville Police Department.[4] (Ex. 7 at 1.)

Later on June 4, 2015, Mr. McDade presented to the emergency room at Southern Hills Medical Center, where a physician prescribed him Tramadol and Ibuprofen.[5] (Ex. 5 at 1-2.) On July 20, 2015, Mr. McDade sought treatment at US Healthworks, a facility he selected from a panel provided by Labor Ready's carrier. (Ex. 8 at 2; T.R. 5 at 2-3.)

The intake sheet Mr. McDade completed on his June 4, 2015 initial visit at US Healthworks indicated he presented for treatment of injuries occurring on the job at Labor Ready when "hit by a car on my 10:00 am break." (Ex. 8 at 16.) The providers at US Healthworks recorded Mr. McDade's history as "a car hit him on left side-back" on

---

[2] For reasons not explained by the record, Mr. McDade filed multiple REHs.

[3] Mr. McDade's signature on the December 10, 2015 REH is notarized. The notary certification indicates that Mr. McDade was "duly sworn" when he executed this REH.

[4] Mr. McDade submitted the Tennessee Electronic Traffic Crash Report completed by the Metropolitan Nashville police officer pertaining to the incident in question. Labor Ready objected to the admission of the report into evidence on hearsay grounds. Tennessee Code Annotated section 55-10-144(b) (2015) disallows the use of an accident report prepared by a police officer "as evidence in any trial, civil or criminal, arising out of an accident, except that the department shall furnish . . . a certificate showing that a specified accident report has or has not been made . . .[.]" In the spirit of the above statute, the Court will admit into evidence the fact that the Metropolitan Nashville Police Department made a report on June 4, 2015, in which Mr. McDade reported he was struck by a vehicle on that date.

[5] The Court sustained Labor Ready's hearsay objection to Mr. McDade's introduction to records from Southern Hills Medical Center's emergency department (Ex. 4) because said records did not comport with Tenn. Comp. R. & Regs. 0800-02-21-.16(6)(b) by being signed by a provider or certified by a custodian of the records. Accordingly, the Court is unable to determine the exact nature of the conditions for which Mr. McDade sought treatment on June 4, 2015. The prescription records Mr. McDade introduced (Ex. 5) were admissible because they were signed by the prescribing medical provider.

2

June 4, 2015. *Id.* at 2. Dr. Harold Nevels examined Mr. McDade and diagnosed him with sprains of his neck, thoracic and lumbar regions, a left shoulder strain, and lumbar radiculopathy. *Id.* at 10-11. Immediately below the above-stated diagnoses, Dr. Nevels listed a diagnosis code of "E812.0 MVA."[6] *Id.* Dr. Nevels also listed the E812.0 MVA diagnosis code on the physical therapy order he wrote for Mr. McDade. *Id.* at 13.

In addition to ordering physical therapy, Dr. Nevels prescribed Naproxen and Cyclobenzaprine to treat Mr. McDade's injuries. (Ex. 8 at 13-4.) He also referred Mr. McDade to an "orthopedic back specialist" and placed him on restrictions of no lifting, no forceful pushing or pulling, no bending or squatting, no climbing stairs or ladders, and sitting work only. *Id.* Dr. Nevels wrote below his diagnoses, "I do not think this is work-compensable." *Id.*

Labor Ready authorized Mr. McDade for a second visit at US Healthworks on July 27, 2015. (Ex. 8 at 25-28.) He saw Dr. Edmundo Mageantay on this visit, who recorded the same diagnoses as did Dr. Nevels, including the "E812.0 MVA" diagnosis, and maintained Mr. McDade on the same restrictions Dr. Nevels imposed. *Id.* Dr. Mageantay scheduled a return visit on August 4, 2015. *Id.* Apparently, Labor Ready denied Mr. McDade's claim before the August 4 visit took place as the evidence the Court reviewed indicated Mr. McDade received only chiropractic treatment for his work injuries after the July 27, 2015 visit at US Healthworks. (Ex. 9.)

The file reviewed by the Court does not establish why Labor Ready denied Mr. McDade's claim. In its response to the REHs filed by Mr. McDade, Labor Ready contended Mr. McDade's claim is not work-related because Dr. Nevels opined his injuries "were NOT work related." (Emphasis original.) (T.R. 6 at 2-3.)[7]

## Preliminary Issues

### *Affidavit Defense*

Labor Ready argues Mr. McDade cannot recover because the affidavits he filed do not comply with the requirement of Tennessee Compilation Rules and Regulations 0800-02-21-.14(1)(a) (2015), that the party filing an REH must submit an accompanying affidavit "demonstrating that the employee is entitled to temporary disability or medical benefits." (T.R. 6 at 2.) The Court agrees that the affidavits filed by Mr. McDade add little evidence in support of his claim, but finds that said affidavits technically comply with the subject Rule. The Court notes that, by notarized signature, Mr. McDade swore to the facts set forth in the REH he filed on December 10, 2015. (Ex. 7 at 2.) This sworn

---

[6] The website of the American College of Emergency Physicians defines an "E code" as a medical billing code "that capture[s] the external cause of injury . . . [.]" *See hrrp://www.acep.org/Clinical---Practice-Management/V-and-E-Codes-FAQ/ (2014).*

[7] Actually, Dr. Nevels wrote: "I do not think this is work compensable." (Ex. 8 at 10.)

REH sets forth the basic facts upon which Mr. McDade relied and gave Labor Ready ample notice of the nature and factual bases of his claim. Under the above circumstances, the Court will not dismiss Mr. McDade's REHs for alleged deficiencies in the accompanying affidavits.[8]

*Labor Ready's Evidentiary Objections*

Labor Ready made several objections to the evidence submitted by Mr. McDade. (T.R. 11.) The Court rules as follows on the objections:

- The Court sustains the hearsay objection to the Tennessee Drug Free Workplace Chain of Custody form from Concentra Medical Center-Nashville South (Ex. 3) because the document was not signed by the provider or accompanied by a certification signed by the provider's custodian of records. Tenn. Comp. R. & Regs. 0800-02-21-.16(6)(b) (2015);
- The Court sustains the hearsay objection to the records from Southern Hills Medical Center Emergency Department (Ex. 4) because said records were not signed by the provider or accompanied by a certification signed by the provider's custodian of records. Tenn. Comp. R. & Regs. 0800-02-21-.16(6)(b) (2015);
- The Court overrules the hearsay objection to the prescriptions Mr. McDade received on June 4, 2105 at Southern Hills Medical Center (Ex. 5) because the the provider signed the documents. Tenn. Comp. R. & Regs. 0800-02-21-.16(6)(b) (2015);
- The Court overrules the hearsay objection to the records of the Wellness Center of Nashville because the provider signed the records. Tenn. Comp. R. & Regs. 0800-02-21-.16(6)(b) (2015); and
- The Court overrules the hearsay objection to the Tennessee Electronic Crash Report from the Metropolitan Nashville Police Department, to the extent the report indicates Mr. McDade reported to a police officer on June 4, 2015, that a car struck him earlier that same date. *See* footnote 4.

**Findings of Fact and Conclusions of Law**

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer.

---

[8] In *Kirk v. Amazon.com, Inc.,* No. 2015-01-0036, 2015 TN Wrk. Comp. App. Bd. LEXIS 44, at *14-5 (Tenn. Workers' Comp. App. Bd. November 16, 2015), the Appeals Board held the employee's failure to contemporaneously file an affidavit with her REH was not a basis for dismissal of her REH when she had already submitted an affidavit in a previous RFA and, furthermore, she submitted sufficient evidence with her REH to enable the employer to respond to the issues she raised in the second REH.

Tenn. Code Ann. § 50-6-116 (2015). In general, an employee bears the burden of proof on all *prima facie* elements of his workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6); *Buchanan v. Carlex Glass Co.,* No. 2015-01-0012, 2015 TN Wrk Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, at an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

*Mr. McDade's Injury Arose Primarily Out of and in the Course and Scope of Employment*

In this REH, the Court must decide whether the evidence reviewed supports a finding that, at a hearing on the merits, Mr. McDade would likely prevail on his claim that his injury arose out of and in the course and scope of employment. *McCord, supra.* Labor Ready contends Dr. Nevels' opinion that Mr. McDade's injury is not "work compensable" (Ex. 8 at 11-2) resolves the issue in favor of its position Mr. McDade is not entitled to recovery. After reviewing Dr. Nevels' comment in the context of his entire of discussion of Mr. McDade's injury, the Court finds that Labor Ready's position is incorrect.

Tennessee Code Annotated section 50-6-102(14) (2015) defines what constitutes a compensable "injury" on or after July 1, 2014. Only "accidental" injuries, in other words, those injuries "caused by a specific incident or set of incidents arising primarily out of and in the course and scope of employment, and . . . identifiable by time and place of occurrence", entitle an employee to workers' compensation benefits. Tenn. Code Ann. § 50-6-102(14)(A) (2015). Subsections (B) and (C) of Tennessee Code Annotated section 50-6-102(14) (2015) refine the definition of compensable injury by requiring that the alleged work injury and any disablement or treatment arising in connection therewith "[arose] primarily out of and in the course and scope of employment." Subsections (B) and (C) further refine the definition by providing that the employee must prove his or her alleged injury arose primarily out of and in the course and scope of employment by evidence that the "employment contributed more than fifty percent (50%) in causing the [alleged injury], considering all causes." Tennessee Code Annotated section 50-6-102(14)(A) (2015) states that the "arising primarily out of" requirement "be shown to a reasonable degree of medical certainty."

This Court considers that the causation definitions contained in section 50-6-102(14) (2015) generate two basic inquiries. By retaining the "arising out of" language long-used in Tennessee in reference to whether an injury is work-related, the Court considers that the "new law" causation definitions continue to require inquiry into

5

whether an alleged work-related injury occurred at a time and place, in performance of an activity, and/or because of a hazard rationally connected to the injured employee's employment. *See Plotner v. Metal Prep.*, No. W2012-02595-SC-WCM-WC, 2014 LEXIS 677, *7 (Tenn. Sept. 29, 2014), citing *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991). The Court considers that section 50-6-102(14) (2015), also requires inquiry into whether an aggravation of a pre-existing condition arose primarily out of and in the course and scope of employment.

The evidentiary record in this claim establishes that a vehicle struck Mr. McDade on June 4, 2015, while he returned from a paid break from his job at Labor Ready. Labor Ready did not produce any evidence to indicate otherwise. This mechanism of injury clearly meets the statutory definition of an "accidental injury" under Tennessee Code Annotated § 50-6-102(14)(A). However, in order for Mr. McDade to recover workers' compensation benefits, he must also establish from the evidence admitted into the record that, at a hearing on the merits, he is likely to prevail in showing his accidental injury arose primarily out of and in the course and scope of employment.

The records US Healthworks records establish that, in addition to diagnosing him with lumbar radiculopathy, Dr. Nevels diagnosed Mr. McDade with strains of the neck, thoracic and lumbar regions, and left shoulder. (Ex. 8 at 10-11.) Neither Dr. Nevels nor any other provider at US Healthworks listed any mechanism of injury explaining the injuries with which Mr. McDade presented on July 20, 2015, other than the incident in which a vehicle hit Mr. McDade while on a break from his job at Labor Ready on June 4, 2015. (Ex. 8 at 2-24.) In view of the above, the Court finds the evidence does not support Dr. Nevels' statement that Mr. McDade's injury is non-compensable if, by that statement, Dr. Nevels intended to imply that Mr. McDade's injuries did not arise when when struck by a vehicle on June 4, 2015.

In the "Physician Comments" section of the US Healthworks records, Dr. Nevels checked "Yes" in response to questions whether Mr. McDade gave a history of injury in a single, specific event[9] and whether the doctor found that his findings were consistent with Mr. McDade's statement. (Ex. 8 at 4.) Coupled with the E812.0 MVA diagnosis, *Id.* at 10-11, the Court finds that the above reference indicates Dr. Nevels' opinion that Mr. McDade sustained the injuries for which he sought treatment on June 4, 2015, when struck by a vehicle while on break from his job at Labor Ready on June 4, 2015.

The issue then becomes: why did Dr. Nevels write in his notes that "I do not think this is work-compensable"? (Ex. 8 at 10-11.) The Court notes that, on the same form on which Dr. Nevels wrote the information discussed in the immediately-preceding paragraph (Ex. 8 at 4), Dr. Nevels made hand-written notations about the fact the motor

---

[9] The notation "MVA E812.0" is hand-written (apparently by Dr. Nevels) immediately to the right of the questions described in this sentence.

vehicle accident in which Mr. McDade was injured occurred while he was not performing his regular work. *Id.* One of the notations is written immediately below a box in which Dr. Nevels indicates Mr. McDade's injury is not work-related. *Id.* The other notation is written below and appears to state: "MVA-not [illegible words] doing regular work." *Id.* When considered in light of the absence of evidence indicating Mr. McDade suffered injury in any manner other than the incident in which he was struck by a vehicle on June 4, 2015, the Court finds Dr. Nevels' comment that Mr. McDade's injury is not work-compensable related to the fact he was on break, and not doing his regular work, when his injuries occurred.

The issue of whether Mr. McDade's injuries are compensable because they occurred while he was on break is a legal issue on which a physician's opinion is neither required nor determinative. Tennessee courts have long held that injuries sustained during personal breaks from work are compensable. *See Gooden v. Coors Tech. Ceramic Co.,* 236 S.W. 3d 151, 155-6 (Tenn. 2007) (injury sustained while playing basketball during lunch break); *Holder v. Wilson Sporting Goods Co.,* 723 S.W.2d 104, 107 (Tenn. 1987) (injury sustained while putting lunch box in personal vehicle after eating luch).[10]

In *Nance v. Ranstad,* No 2015-07-007, 2015 TN. Wrk. Comp. App. Bd. LEXIS 15, at *8 (Tenn. Workers' Comp. App. Bd. May 27, 2015), the Workers' Compensation Appeals Board held that an injury sustained by a truck driver while reentering her truck after stopping to urinate was sufficiently connected to her employment to sustain a finding that it arose primarily out of and in the course and scope of employment. In view of this authority, the Court finds that Mr. McDade's injury while on break is compensable. The Court also finds that Mr. McDade's retrieval of his work gloves from his vehicle during the break on which he suffered injury, and the fact Labor Ready paid him while on break, augment the rational connection between his injury and his employment at Labor Ready.

The Court now considers whether Mr. McDade came forward with sufficient medical evidence to establish at a hearing on the merits that his injuries are work-related. The Court has already found that, when read as a whole, Dr. Nevels' opinion is that Mr. McDade suffered the strains and radiculopathy he diagnosed when struck by a vehicle on June 4, 2015, while on break from his job at Labor Ready.

However, the Court understands that Labor Ready disagrees with the Court's

---

[10] This Court notes that the Supreme Court in *Holder* wrote in its opinion that, "[t]he remedial policies of the Workers' Compensation Act would be undermined if too severe a line were drawn controlling the compensability of injuries that occur during the normal course of the work day . . .[.]" This Court finds the above statement does not necessarily establish that the legal principles applied in *Holder and Gooden* are dependent on the remedial construction of the law removed by the 2013 reforms to the Workers' Compensation Law. Without specific direction from the appellate courts interpreting the 2013 reforms to the Workers' Compensation Law, and in view of the *Nance* opinion cited in the text of this order, this Court finds that the decisions in *Holder and Gooden* remain of precedential value in a "new law" claim.

7

interpretation of Dr. Nevels' opinion that Mr. McDade's injuries are not work-compensable. The Court finds that, even if Dr. Nevels' opinion is different from that the Court found, Mr. McDade is entitled to workers' compensation benefits because the evidence indicated no explanation for his disabling injuries other than the fact he was struck by a vehicle while on break from his job at Labor Ready. In *Simpson v. Satterfield,* 564 S.W.2d 953, 956 (Tenn. 1978), the Supreme Court held that an employee who suffered injury when kicked in the stomach by a cow was not required to introduce evidence establishing his injury was work-related. This Court holds the same principle applies to Mr. McDade's claim.[11]

Based on the evidence considered in its file review determination, the Court finds Mr. McDade would likely prevail at a hearing on the merits that his injuries arose primarily out of and in the course and scope of employment.

*Medical Benefits*

Tennessee Code Annotated section 50-6-204(a)(1)(A) (2015) provides an employer must provide free of charge to the employee such medical care as is reasonable and necessary to treat an employee's work injury. Both physicians at US Healthworks who provided authorized treatment of Mr. McDade's injuries recommended referral to an orthopedic surgeon who is qualified to treat back injuries. (Ex. 8 at 12-3, 30.)

Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) (2015), requires that the employer offer an injured employee a panel from which to select a physician to provide authorized care of a work injury. Accordingly, Labor Ready or its workers' compensation carrier shall promptly provide Mr. McDade a panel of three orthopedic physicians qualified to treat back injuries from which Mr. McDade may select a physician for treatment of his work injury. Labor Ready or its carrier shall promptly schedule Mr. McDade an appointment with the selected physician for authorized care.

*Temporary Partial Disability Benefits*

Both physicians who saw Mr. McDade for authorized care of his work injuries released him to return to work under significant restrictions, including no lifting and sitting work only. (Ex. 8 at 12-3, 30.) The first restricted release to return to work occurred July 20, 2015. *Id.* The second physician maintained the restrictions on July 27, 2015. *Id.*

---

[11] The Court is aware that, in *Willis v. All Staff,* 2014-05-0005, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *27-8 (Tenn. Workers' Comp. App. Bd. November 9, 2015), the Appeals Board raised, but did not decide, the issue of whether the 2013 reforms to the Workers' Compensation Act requires medical expert opinion in even obvious, simple, and routine cases. Without specific direction from the Appeals Board or the Supreme Court on this issue, the Court considers pre-July 1, 2014 precedent as persuasive on this issue.

Chiropractor Kevin Mitchell of The Wellness Institute of Nashville opined on October 22, 2015, that Mr. McDade, "is unable to lift, bend, twist, or sit for long periods of time. It would be difficult for him to work during this time due to the severity of his medical condition." (Ex. 9 at 2.) In the sworn REH Mr. McDade filed December 10, 2015, he wrote, "I went outside on my break . . . at 10:00 break was hit by car and *not able to work after this. . .[.]*" (Emphasis added.) (T.R. 7 at 1.) The evidence reviewed did not indicate that Labor Ready offered Mr. McDade work within the above restrictions.

In view of the above, the Court finds that Mr. McDade was restricted from working and unable to obtain employment beginning July 20, 2015, when he saw Dr. Nevels at US Healthworks. The evidentiary record in this claim does not indicate a physician has lifted Mr. McDade's restrictions or that he has returned to work. Accordingly, the Court finds that, at a hearing on the merits, Mr. McDade is likely to prevail in establishing entitlement to temporary partial disability benefits from July 20, 2015, until he either returns to work or his authorized treating physician finds him at maximum medical improvement from his work injuries.

Tennessee Code Annotated section 50-6-207(2) (2015) establishes an injured employee's potential right to temporary partial disability benefits. The statute provides that an employee's compensable temporary partial disability is compensated by a payment of "sixty-six and two thirds percent (66 2/3%) of the difference between the average weekly wage of the worker at the time of the injury and the wage the worker is able to earn in the worker's partially disabled condition."

The Wage Statement filed by Labor Ready indicated that Mr. McDade earned an average weekly wage of $162.48 in the seven weeks he worked prior to the week of his injury. (Ex. 11.) Because two-thirds of the above average weekly wage falls below the minimum weekly wage applicable to injuries occurring on June 4, 2015, the Court finds that Mr. McDade's average weekly wage is the minimum compensation rate of $128.70 under Tennessee law. Tenn. Code App. § 50-6-207(2) (2015). The Court finds nothing in the record to rebut Mr. McDade's statement in his sworn REH that he was unable to work due to his injuries. Accordingly, the Court finds Mr. McDade earned $0 per week during the applicable period and, as such, awards him temporary partial disability benefits in the amount of $128.70 per week until he returns to work or his authorized treating physician places him at maximum medical improvement from his work injures.[12]

**IT IS, THEREFORE, ORDERED** as follows:

---

[12] If Labor Ready can establish that Mr. McDade earned income during the period of his award, it may recalculate the amount of temporary partial disability benefits to which Mr. McDade is entitled during any week he earned income.

1. Mr. McDade's is entitled to medical benefits pursuant to the Tennessee Workers' Compensation Law. Labor Ready or its carrier shall promptly provide Mr. McDade a panel of orthopedic physicians competent to treat both shoulder and back injuries from which he may select a physician for treatment of his work injuries.

2. Mr. McDade is entitled to temporary partial disability benefits in the amount of $128.70 per week from July 20, 2015, until he returns to work or his authorized treating physician places him at maximum medical improvement from his work injuries. *See* footnote 12.

3. This matter is set for a Status Hearing on **Thursday, February 25, 2016 at 10: 30 a.m. Eastern Time (9: 30 a.m. Central Time). The parties shall call in at 855-747-1721 (toll-free) or at 615-741-3061.**

**ENTERED this the 26th day of January, 2016.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

Status Hearing:

A Status Hearing has been set with **Judge Thomas Wyatt, Court of Workers' Compensation Claims. You must call 731-422-5263 or toll-free at 855-543-5038 to participate.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

The Court reviewed the following documents and designates these documents as the Technical Record:[13]

1. Petition for Benefit Determination (PBD), filed June 19, 2015;
2. Dispute Certification Notice (DCN), filed July 31, 2015;[14]
3. Request for Expedited Hearing (REH), filed December 1, 2015;
4. Notice of Filing, filed December 7, 2015;[15]
5. Employer's Response to Request for Expedited Hearing, filed December 8, 2015[16];
6. Employer's Response to Request for Expedited Hearing, filed December 8, 2015;
7. REH, filed December 10, 2015;
8. REH, filed December 11, 2015;
9. Docketing Notice for File-Review Determination, filed December 14, 2015;
10. Notice withdrawing Mr. McDade's oral request for an in-person hearing, filed December 22, 2015;
11. Employer's Response to Docketing Notice for File-Review Determination, filed December 28, 2015;

The Court reviewed the following documents in reaching its decision and designates the documents as Exhibits solely for ease of reference by the Court:

1. Affidavit of Derrick L. McDade, Sr., filed with the REH he filed December 1, 2015;

2. Affidavit of Derrick L. McDade, Sr., filed with the REH he filed December 11, 2015;

3. Tennessee Drug Free Workforce Chain of Custody Form from Concentra Medical Center-Nashville South (contained in the Clerk's DCN file);

---

[13] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

[14] The electronic file of the Clerk of the Court of Workers' Compensation Claims contains the following documents as attachments to the DCN; a Tennessee Drug Free Workplace Chain of Custody Form from Concentra Medical Center-Nashville South, dated June 10, 2015; records from Southern Hills Medical Center Emergency Department; an Employee Work Status Report from US Healthworks dated July 20, 2015; and a Tennessee Electronic Traffic Crash Report. The Court marked each document as a separate exhibit and listed the same in the list of exhibits included in this Appendix.

[15] The Clerk's electronic file for this document contains records from The Wellness Institute of Nashville/Kevin Mitchell D. C.; a form from Southern Hills Medical Center; a Wage Statement (C-41); and a hand-written note from Mr. McDade to "Nick." The Court marked these documents as separate exhibits and listed the same in the list of exhibits included in this Appendix.

[16] The Clerk's electronic file for this document contains records from US Healthworks. The Court marked the records as an exhibit and listed it in the list of exhibits included in this Appendix.

4. Records from Southern Hills Medical Center Emergency Department (contained in the Clerk's DCN file);

5. Medication prescription written on form from the Southern Hills Medical Center Emergency Department (contained in the Clerk's DCN file);

6. Employee Work Status Report from U.S. Healthworks (contained in the Clerk's DCN file);

7. Tennessee Electronic Traffic Crash Report (contained in the Clerk's DCN file);

8. Records of US Healthworks (contained in the Clerk's file for the Employer's Response to Request for Expedited Hearing);

9. Records of the Wellness Institute of Nashville/Kevin Mitchell D. C. (contained in the Clerk's file for Mr. McDade's Notice of Filing);

10. Form from Southern Hills Medical Center (contained in the Clerk's file for Mr. McDade's Notice of Filing);

11. Wage Statement (C-41) (contained in the Clerk's file for Mr. McDade's Notice of Filing); and

12. Mr. McDade's hand-written note to Nick (contained in the Clerk's file for Mr. McDade's Notice of Filing).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order For Medical and Temporary Partial Disability Benefits was sent to the following recipients by the following methods of service on this the 26th day of January, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|---------------|---------|-----------|-----------------|
| Derrick L. McDade, Sr., Self-Represented | | | X | derricklmcdadesr@hotmail.com |
| Nicholas S. Akins and Connor Sestak, Attorneys | | | X | Nakins@morganakins.com; csestak@morganakins.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

14